UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| WILLIAM B. KITAROGERS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 6:21-cv-27-JMH |
| v. | ) | |
| | ) | |
| C. GOMEZ, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

William B. Kitarogers is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Kitarogers filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [DE 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Kitarogers's petition.

In 2012, Kitarogers pled guilty in federal court to two criminal counts: interfering with commerce by threats or violence and brandishing a firearm in furtherance of a crime of violence. *See United States v. William B. Kitarogers*, No. 4:12-cr-147-HFS-2, at DEs 40, 41 (W.D. Mo. 2012). Then, in March of 2013, the trial court sentenced Kitarogers to a total of 144 months in prison and indicated that the sentence "shall run concurrently with the parole

revocation sentences imposed in Pettis County, Missouri, Circuit Court." *Id.* at DE 55.

Years later, while Kitarogers was in federal custody, he filed administrative remedy requests with officials at the Bureau of Prisons (BOP) in which he claimed that the BOP was improperly calculating his release date. [*See* DE 1-3 through DE 1-6]. Kitarogers argued that since the trial court ordered his federal sentence to run concurrently with his state parole revocation sentences, and those state sentences started back in 2011, his federal sentence also began to run in 2011. [*See id.*].

The BOP, however, rejected Kitarogers's argument. [*See id.*]. The BOP's Central Office pointed out that when it calculated Kitarogers's release date, it started his federal sentence on the date that it was imposed, in March of 2013, "thereby effecting concurrent service of your state and federal terms as specified in the federal judgment in a criminal case." [DE 1-3 at 2]. That said, the BOP explained that there was simply no legal basis for starting to calculate Kitarogers's federal sentence as of an earlier date, before it was imposed. [*See id.*].

Unsatisfied, Kitarogers filed his § 2241 petition with this Court. [DE 1]. Ultimately, Kitarogers says, "I'm challenging . . . when my federal sentence began," and he makes it clear that he thinks his federal sentence should start to run as of October 2011, instead of March 2013. [DE 1 at 3, 8].

2

The Court will deny Kitarogers's petition. As the BOP explained, Kitarogers cites no legal authority indicating that his federal sentence should commence earlier than the date that it was imposed. Plus, this Court has repeatedly made it clear that "even where a sentencing court orders a federal sentence to run concurrently with a pre-existence . . sentence, the federal sentence is deemed to run concurrently only with the *undischarged* portion of the prior . . . conviction." *Dixon v. Quintan*, No. 5:17-cv-204-KKC, DE 6 at 7 (E.D. Ky. June 6, 2017); *see also Belcher v. Cauley*, No. 0:08-cv-132-HRW, 2009 WL 464932, at *2-3 (E.D. Ky. Feb. 24, 2009) (stating the same proposition and noting that 18 U.S.C. § 3585(a) bars a district court from ordering a federal sentence to commence prior to its imposition). Thus, there is no merit to Kitarogers's claim that his federal sentence should start to run prior to 2013.

To be sure, there are circumstances under which a federal criminal defendant shall be given credit for time spent in custody before his federal sentence was imposed. *See* 18 U.S.C. § 3585(b). However, § 3585(b) makes it clear that a defendant shall not receive such credit if the applicable time period was credited against another sentence. Here, the BOP has specifically pointed out—and Kitarogers does not dispute—that the time period from 2011-2013 was, indeed, "credited toward [his] Missouri state sentence." [DE 1-3 at 2]. Thus, Kitarogers's petition is unavailing.

3

Accordingly, it is **ORDERED** as follows:

1)   Kitarogers's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [DE 1] is **DENIED**;

2)   This action is **STRICKEN** from the Court's docket; and

3)   The Court will enter a corresponding Judgment.

This 1st day of March, 2021.

Signed By:

_Joseph M. Hood_

Senior U.S. District Judge

4